OPINION OF THE COURT
Memorandum.
Final judgment unanimously modified by reducing the amount awarded to petitioner to the sum of $4,522.10; as so modified, affirmed without costs.
Petitioner commenced this summary proceeding seeking possession of the subject “handicapped” apartment based on tenant’s nonpayment of rent. Tenant, a quadriplegic, alleged that he was entitled to a rent adjustment based on a change of circumstances as of March 1, 2000, rather than July 1, 2000, and that petitioner violated the warranty of habitability in that petitioner failed to provide a “roll-in” shower, that the hot water faucet in the bathtub ran continuously causing mildew and excessive moisture, that the premises was infested with rodents and insects, and that petitioner failed to correct and/or repair various conditions. Following the trial, the court awarded a final judgment of possession in favor of petitioner. The court, in assessing the amount of rent owed, held that although tenant was not entitled to an adjustment of rent for the period sought, he was entitled to a 15% abatement for the hot water problem and an additional 5% abatement for petitioner’s failure to timely correct various other conditions.
Tenant’s monthly rent, pursuant to the terms of his lease, was based on the income of those persons with whom he shared occupancy. In addition, tenant was required to report changes in occupancy within 10 days of same and to provide petitioner with proper verification in order to obtain an adjustment in rent. The lease further provided that any adjustment in rent became effective on the first day of the month following petitioner’s receipt of verification. On February 27, 2000, tenant’s sister and brother-in-law notified petitioner that during said month they vacated tenant’s apartment and returned to their former residence in North Carolina. As verification, they attached a bill from September of 1999 addressed to their *34 North Carolina address. Inasmuch as the bill was dated prior to their move, petitioner rejected same and promptly notified tenant that the letter was insufficient. Tenant was also sent a “change form” which was to be returned with the proper verification. On March 7, 2000, tenant returned the form without any verification. On March 24, 2000, petitioner received a letter from tenant’s sister wherein she indicated that the enclosed telephone bill was being submitted to verify her change of address. Petitioner’s agent, however, testified that although petitioner received the letter, the telephone bill was not enclosed. Tenant offered no evidence to contradict said testimony. A second request for verification was sent to tenant’s sister on May 17, 2000. The letter was returned to petitioner on June 7, 2000. In accordance with the terms of the lease, petitioner reduced tenant’s rent effective July 1, 2000. Inasmuch as the delay in the reduction of tenant’s rent was due to the failure of both tenant and the other occupants of the premises to provide proper verification of the change in circumstances in a timely manner, the trial court properly found that tenant was not entitled to a reduction of rent prior to July 1, 2000.
Every lease for residential purposes is deemed to contain an implied warranty of habitability to the effect that the premises are fit for human habitation, that the premises are fit for the use reasonably intended by the parties and that the occupants will not be subject to conditions that are dangerous, hazardous or detrimental to life, health or safety (Real Property Law § 235-b [1]). The warranty was not intended to make the landlord a guarantor of every amenity customarily rendered in the landlord-tenant relationship, but only to provide protection against those conditions that materially affect the health and safety of the tenants or those deficiencies that in the eyes of a reasonable person deprive tenant of those essential functions which a residence is expected to provide (Park W. Mgt. Corp. v Mitchell, 47 NY2d 316, 327-328 [1979], cert denied 444 US 992 [1979]). In the case at bar, the court below properly determined that the failure to provide a roll-in shower did not constitute a breach of the warranty of habitability. However, in our opinion, tenant is entitled to an additional abatement of $800 due to petitioner’s failure to correct the insect and rodent infestation (cf. Smithline v Monica, 1987 WL 14296 [Watertown City Ct, Jefferson County, May 5, 1987]; Pleasant E. Assoc, v Cabrera, 125 Misc 2d 877 [1984]).
McCabe, P.J., Rudolph and Angiolillo, JJ., concur.